UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LATIKA TANEJA, et al.,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>ALINNE CINTRA FREITAS, et al.,<br><br>　　　　　Defendants. | CASE NO. 2:22-cv-00702-TL<br><br>ORDER |

　　　This is a case to recover damages stemming from a contractual dispute. This matter comes before the Court *sua sponte*.

　　　Even if no side raises it, the Court has an independent duty to ensure subject matter jurisdiction and must raise the issue *sua sponte* as needed. *See United Investors Life Ins. Co. v. Waddell & Reed, Inc.,* 360 F.3d 960, 967 (9th Cir. 2004) ("[A] district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte,* whether the parties raised the issue or not."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Broadly speaking, a federal

ORDER - 1

district court has jurisdiction over all civil actions (1) "arising under the Constitution, laws, or treaties of the United States" (a.k.a., "federal question" jurisdiction), *see* 28 U.S.C. § 1331, or (2) for more than $75,000 where the *citizenship* of each plaintiff is different from that of each defendant (a.k.a., "diversity" jurisdiction), *see id.* § 1332; *see also Newtok Vill. v. Patrick*, 21 F.4th 608, 615 (9th Cir. 2021) (noting "the two types of federal subject matter jurisdiction— diversity of citizenship and federal question"). Federal courts are presumed to lack subject matter jurisdiction over a case, and the burden of showing otherwise rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Here, Defendants removed the case to federal court on May 25, 2022. *See* Dkt. No. 1. In the Notice of Removal, Defendants state that all Defendants "reside in the State of Florida," and that all Plaintiffs are citizens of Washington State, thus establishing complete diversity of the Parties for the purpose of diversity jurisdiction. Dkt. No. 1 at 2–3. In the Complaint filed in state court on March 25, 2022, Plaintiffs state that all Defendants are residents of Washington State. Dkt. No. 1-3 at 2–3. In their Amended Answer, Defendants appear to acknowledge prior residency in Washington State, but they deny current residency there and state that they "relocated to Florida." Dkt. No. 24 at 2. Defendants do not otherwise state or provide documentation of when this relocation occurred, although service on Defendants was apparently completed in Florida on May 5, 2022. Dkt. No. 1-2 at 128–136.

The question for diversity jurisdiction is citizenship, not residency. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (describing the difference between the two). In addition, diversity of citizenship must exist at the time of the filing of the complaint. *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 571 (2004) ("[A]ll challenges to subject-matter jurisdiction premised upon diversity of citizenship" are measured "against the state of facts that existed at the time of filing"). *See also Co-Efficient Energy Sys. v. CSL Indus., Inc.*, 812 F.2d

556, 557 (9th Cir. 1987) ("Diversity of citizenship is determined as of the time of the filing of the complaint"). The problem here is that none of the pleadings establish diversity of citizenship to satisfy the requirement of 18 U.S.C. § 1332(a).

Accordingly, to help address the Court's concerns about subject-matter jurisdiction, the Court hereby ORDERS Defendants to state and provide documentation sufficient to establish the date they became citizens (not residents) of Florida, **within ten (10) days** of this Order.

Dated this 18th day of April 2023.

Tana Lin
United States District Judge

ORDER - 3