# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LATIKA TANEJA, et al., <br><br>               Plaintiffs, <br><br>    v. <br><br>ALINNE CINTRA FREITAS, et al., <br><br>               Defendants. | CASE NO. 2:22-cv-00702-TL <br><br> ORDER ON DEFENDANTS' MOTION TO COMPEL |

Plaintiffs seek, among other things, the return of their earnest money from a failed transaction involving the sale of Defendants' daycare business that was operating out of Defendants' home. The matter comes before the Court on Defendants' Motion to Compel Testimony and Production of Documents, which includes a request for sanctions. Dkt. No. 18. Having reviewed the motion, Plaintiffs' Response (Dkt. No. 20), Defendants' Reply (Dkt. No. 21), and all supporting materials, the Court GRANTS in part and DENIES in part the motion.

# I. LEGAL STANDARD

Federal Rule of Civil Procedure 26 allows parties to obtain discovery regarding:

> any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Relevant" information is that which is "reasonably calculated to lead to the discovery of admissible evidence." *Brown Bag Software v. Symantec Corp.*, 960 F.2d 1465, 1470 (9th Cir. 1992). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002).

Under Federal Rule of Civil Procedure 37, "a party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). The party seeking to compel discovery has the burden of establishing that its requests are relevant. Fed. R. Civ. P. 26(b)(1). However, once this showing is made, the party seeking a protective order must "carry a heavy burden of showing why discovery" should be denied. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975).

# II. DISCUSSION

Defendants ask the Court to compel (1) a complete production of text messages and (2) certain supplemental deposition testimony from Plaintiff Navneet Taneja. Dkt. No. 18 at 1. Defendants also request as sanctions an award of $2,000 for the reasonable costs of bringing the motion.

**A.  Request to Produce Text Messages**

Defendants allege that Plaintiffs failed to produce the full text of several text messages among the four Plaintiffs. In particular, Defendants question the completeness of some text

1   messages exchanged on January 24 and 25, 2022, as well as February 8, 2022. Dkt. No. 18 at 3–
2   5. "Defendants were surprised when Plaintiffs produced a mere 22-pages of documents in
3   response to all eight requests for production." *Id.* But Plaintiffs counter—and Defendants do not
4   dispute in their reply—that they produced hundreds of pages of documents voluntarily with their
5   initial disclosures (and prior to any formal discovery request) in addition to over 1,500 pages of
6   documents obtained via subpoenas *duces tecum*. Dkt. No. 20 at 4. Plaintiffs assert that they
7   "made a good faith effort to provide copies of all responsive text messages, but two screenshots
8   [ ] containing just 8 text messages were inadvertently missed." *Id.* at 6.

9         In their reply, Defendants continue to raise questions about two text messages. First,
10  Defendants point out that Plaintiffs did not specifically address a January 24, 2022, text message
11  discussing removing a financial contingency. *See* Dkt. No. 21 at 4. Second, Defendants question
12  the completeness of a February 9, 2022, text message that was produced in response to the
13  motion to compel. *See id.* at 5. Plaintiff Navneet Taneja represents that each Plaintiff "made a
14  diligent search for documents to be provided," and "we *believe* we have now provided copies of
15  all requested documents." Dkt. No. 20-1 ¶ 8 (emphasis added). The Court notes that Plaintiff did
16  not definitively certify that all requested documents have been provided. Further, the existence of
17  these text messages is supported by photos already provided, in which the outline of additional
18  messages can be seen. Dkt. No. 21 at 4–5.

19        So that there will be no lingering doubt as to the content of the responses contained in the
20  text messages, the Court GRANTS in part Defendants' motion and ORDERS Plaintiffs to produce to
21  Defendants a copy of the text messages immediately following the January 24, 2022, and
22  February 9, 2022, messages depicted on pages 4 and 5 of Defendants' reply declaration. If the
23  text messages are protected from disclosure, Plaintiffs may file a motion for protective order as
24  to any protected material. If the text messages contain any information that should be sealed or

ORDER ON DEFENDANTS'
MOTION TO COMPEL - 3

redacted, Plaintiffs may follow the procedures set forth in Local Civil Rules 5(g) and 5.2. Absent any such motion, the text messages shall be provided within **three (3) days** of this Order.

B.      **Request to Compel Deposition Testimony**

Defendants seek supplemental deposition testimony from Mr. Taneja regarding communications between non-spouse Plaintiffs Navneet Taneja and Viral Desai. Dkt. No. 18 at 9. During Mr. Taneja's deposition, Defendants' counsel "inquired about recent conversations Mr. Taneja engaged in with co-Plaintiff Mr. Desai regarding the Plaintiffs' decision to back out of the purchase of the Property on February 17, 2022." Dkt. No. 19 ¶ 5. Plaintiffs represent that Mr. Taneja testified "regarding dates and times of discussions regarding discussions held between him and Mr. Desai relating to their depositions." Dkt. No. 20 at 7. Plaintiffs further assert that "Defendants' counsel had an opportunity to depose all four plaintiffs about the facts underlying this lawsuit." *Id.*

However, during Mr. Taneja's deposition, Plaintiffs' counsel objected to Defendants' questions into "Plaintiffs' discussions among themselves *regarding the depositions themselves based on privileged communications with their attorneys*." Dkt. No. 20 at 7 (emphasis in original). Plaintiffs' counsel objected on the grounds of the work-product privilege and common-interest doctrine and instructed Mr. Taneja to not respond. *Id.* Defendants challenge the instruction by Plaintiffs' counsel to not respond on the basis of work-product privilege and the common-interest doctrine. *Id.*

Mr. Taneja admits having conversations with co-Plaintiffs "outside the presence of our attorneys." Dkt. No. 20-1 ¶ 11. "These conversations have occurred in response to oral or written communications from our attorneys. Our conversations have involved our consideration of our lawyers' legal advice and requests from our lawyers for additional information of documents." *Id.* In short, the conversations "concerned attorney-client privileged information and advice

provided to them by their joint attorneys regarding depositions." Dkt. No. 20 at 2. In their reply, Defendants do not dispute any of the factual representations by Plaintiffs. Dkt. No. 21.

Generally, parties may not discover "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." Fed. R. Civ. P. 26(b)(3)(A). Further, a court "must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). The work-product doctrine "is a 'qualified immunity from discovery' that attempts to balance 'the necessity of protecting an attorney's preparation under the adversary system, and the policy of full and open discovery underlying the' rules." *Republic of Ecuador v. Mackay*, 742 F.3d 860, 867 (9th Cir. 2014) (quoting Patrick E. Higginbotham, *Duty to Disclose; General Provisions Governing Discovery* in 6 James Wm. Moore, Moore's Federal Practice § 26.70[1] at 26-434 to 26-435 (3d ed. 2013)). "At its core, the work-product doctrine shelters the mental processes of the attorney, providing a privileged area within which he can analyze and prepare his client's case," and protects both "material prepared by agents for the attorney as well as those prepared by the attorney himself." *United States v. Nobles*, 422 U.S. 225, 238–39 (1975).

Defendants assert that the work-product privilege "only applies to 'documents and tangible things'" and not verbal communications. Dkt. No. 18 at 9 (citing Fed. R. Civ. P. 26(b)(3)(A)). But "'the [w]ork product of the lawyer' is shown 'in interviews, statements, memoranda, correspondence, briefs, mental impressions, personal beliefs, and countless other tangible and intangible ways.'" *Republic of Ecuador*, 742 F.3d at 868 (quoting *Hickman v. Taylor*, 329 U.S. 495, 511 (1947)). As further noted by the Ninth Circuit, "[a]lthough Rule 26(b)(3) is focused on documents and tangible things, *Hickman* protects intangible things independent of the rule." *Ecuador*, 742 F.3d at 868 n.2. Therefore, the Court finds that the work-

ORDER ON DEFENDANTS'
MOTION TO COMPEL - 5

product doctrine does protect more than simply "documents and tangible things" as asserted by Defendants and can protect intangible things.

Here, the testimony Defendants seek to compel is "information and advice provided to [Plaintiffs] by their joint attorney regarding depositions." *See* Dkt. No. 20 at 2. Defendants would not be able to ask Plaintiffs' attorney directly about this type of information, as an attorney's advice is the quintessential compilation of an attorney's mental impressions, opinions, and conclusions. *See* Fed. R. Civ. P. 26(b)(3)(B). And the information and advice were provided to the clients, who are the very parties for whom the information and advice were prepared (versus disclosing the information to a third party). *See id.* 26(b)(3)(A). Therefore, the Court finds the information and advice provided are work product that must be protected under Federal Rule of Civil Procedure 26(b)(3)(B).[1]

Further, the attorney work-product belongs to both the client and the attorney. *See, e.g.*, *In re Grand Jury Subpoenas*, 561 F.3d 408, 411 (5th Cir. 2009) (work product belongs to both the attorney and the client); *In re Sealed Case*, 29 F.3d 715, 718 (D.C. Cir. 1994) (same); *Carter v. Gibbs*, 909 F.2d 1450, 1451 (Fed. Cir. 1990) (same). Here, both the client and the attorney have invoked the doctrine.

Finally, merely answering the question of whether verbal communications (or more than documents and tangible things) are covered by the work-product doctrine does not resolve the issue here. The privilege derived from the work-product doctrine is not absolute and can be waived. *Nobles*, 422 U.S at 239. For example, "the voluntary disclosure of attorney work-product to an adversary or a conduit to an adversary waives work-product protection for that material." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1121 (9th Cir. 2020) (quotation marks

---

[1] The information and advice provided by the attorney to the clients are clearly attorney-client privileged communications, but Plaintiffs did not raise this as a ground for their objections at the deposition.

ORDER ON DEFENDANTS'
MOTION TO COMPEL - 6

1 and citation omitted). But "disclosure of work product to a third party does not waive the
2 protection unless such disclosure is made to an adversary in litigation or 'has substantially
3 increased the opportunities for potential adversaries to obtain the information.'" *Id.* (quoting 8
4 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 2024 (3d ed. 2020)). In
5 short, work-product protection may be waived where "'such disclosure . . . is inconsistent with
6 the maintenance of secrecy from the disclosing party's adversary.'" *Id.* Here, the work product
7 was disclosed to the clients, which is completely consistent with the "maintenance of secrecy
8 from the disclosing party's adversary." *See id.* And again, the clients are the parties for whom the
9 very work product was prepared and to whom the work product belongs. The Court finds that
10 there was no waiver of work-product protection, and the information and advice remain
11 protected.[2] Therefore, the Court DENIES in part Defendants' motion to compel as to testimony.

12 **C.    Request for Sanctions**

13          In their reply, Defendants focus their request for sanctions on Plaintiffs' failure to
14 produce text messages. Dkt. No. 21 at 2–3. They assert that where a disclosure is provided after
15 the filing of a motion to compel, "the Court must order payment of 'reasonable expenses
16 incurred in making the motion, including the attorney's fees.'" *Id.* at 3. However, Defendants
17 overstate the rule and omit that "the Court must not order [ ] payment if . . . other circumstances
18 make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). The Court finds that
19 Defendants were not completely forthright in their representation to the Court regarding the
20 sanctions rule or the scope of Plaintiff's document production in this case. In addition,
21 Defendants, like the Court, assume the truth of Plaintiff's claim that they inadvertently failed to

---

[2] As the Court finds the information is protected by the work-product doctrine, it does not reach the question of whether the joint-defense or common-interest privilege applies.

ORDER ON DEFENDANTS'
MOTION TO COMPEL - 7

produce the requested documents when producing nearly two thousand pages of documents. *See* Dkt. No. 21 at 2.

The Court does not find that an inadvertent mistake under the circumstances rises to the level of sanctionable conduct, and it would be unjust to impose sanctions. Therefore, the Court DENIES in part Defendants' motion to compel as to sanctions. However, should the text messages produced in response to this Order contain information responsive to Defendants' discovery requests, then the Court invites Defendants to renew their motions for sanctions as to the costs associated with preparing their reply brief on the issue of the production of the text messages at issue only. Any such motion should be filed **within five (5) days** of the production of the text messages.

### III.   CONCLUSION

Accordingly, the Court GRANTS in part and DENIES in part Defendants' Motion to Compel Testimony and Production of Documents (Dkt. No. 18) consistent with this Order. Plaintiffs are DIRECTED to produce the remainder of the January 24 and February 9, 2022, text messages or move for a protective order within **three (3) days** of this Order. Defendants may move for sanctions related to the same messages within **five (5) days** of the production of the messages, if appropriate.

Dated this 24th day of May 2023.

Tana Lin
United States District Judge