# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| LATIKA TANEJA, et al.,<br><br>               Plaintiff(s),<br>v.<br><br>ALINNE CINTRA FREITAS, et al.,<br><br>               Defendant(s). | CASE NO. 2:22-cv-00702-TL<br><br>ORDER GRANTING DISCOVERY SANCTIONS |

This case arises from a failed transaction involving the sale of Defendants' home and residential daycare business to Plaintiffs. The matter comes before the Court on Defendants' renewed motion for sanctions related to Plaintiffs' discovery violations. Dkt. No. 49. Having reviewed the relevant record, the Court GRANTS Defendants' renewed motion for sanctions.

In December 2022, Defendants requested production of non-privileged communications related to the transaction. Dkt. No. 19-4 at 8–11. After Defendants granted Plaintiffs' an extension of time to complete their document productions, Plaintiffs eventually produced screenshots of text messages that appeared responsive but clearly incomplete. Dkt. No. 18 at 4–5.

Defendants sent Plaintiffs a letter of deficiency, and the Parties met and conferred regarding the incomplete productions to no avail. *Id.* at 3–6. Ultimately, Defendants were forced to move to compel complete production of the text messages. *Id.* at 3–9. One day before Plaintiffs' response to the motion to compel was due, Plaintiffs produced additional screen shots that they claimed were inadvertently missed in their previous production. Dkt. No. 20 at 6–7. Defendants noted on reply that even the belated production failed to cure the specified issues regarding Plaintiffs' incomplete production. Dkt. No. 21 at 2–5. On May 24, 2023, this Court issued an order granting Defendants' request to compel complete production of the identified text messages that were previously withheld by Plaintiffs during discovery. Dkt. No. 45.

At that time, the Court denied Defendants' request to impose a monetary sanction for Plaintiffs to pay for "the costs associated with [Defendants] preparing their reply brief." *Id.* at 7–8. With regard to the additional screen shots Defendants had specifically requested but had not been produced, the Court "invite[d] Defendants to renew their motion for sanctions" if it turned out that "the text messages produced in response to [the] Order contain information responsive to Defendants' discovery requests." *Id.* at 8. Defendants timely filed this motion to renew their request for sanctions.

Defendants have shown that the improperly withheld text messages were responsive to previous requests for production. Dkt. No. 49 at 5. This, essentially, was the only condition the Court placed on Defendants' ability to receive sanctions related to its prior motion, accepting Plaintiffs' arguments that the messages produced in response to the previous sanctions motion had been inadvertently missed. *See* Dkt. No. 45 at 7–8. In response to Defendants' renewed motion, though, Plaintiffs do not even try to explain how they again missed producing the text messages in question in their entirety when they were specifically requested and identified in Defendants' motion to compel. Nor do Plaintiffs argue that the text messages were not

ORDER GRANTING DISCOVERY SANCTIONS - 2

responsive to Defendants discovery requests. Instead, Plaintiffs' attempt to argue that Defendants were not actually prejudiced by their discovery violation. Dkt. No. 57 at 2–7.

Plaintiffs' opposition misses the point. As noted in its previous order, imposing the sanction of payment of expenses for bringing a discovery motion are essentially automatic "if the disclosure or requested discovery is provided after the motion was filed . . . . [unless] circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A)(iii). Defendants had to expend time and expense in bringing their prior motion to compel to access the text messages. If it turned out that the text messages were not actually responsive to any of the prior discovery requests, then Defendants had no right to them before bringing the motion to compel, so it makes sense that they would then have to assume responsibility for their own costs in bringing the motion. On the other hand, if the messages turned out to be responsive to prior discovery requests, Plaintiffs had an obligation to provide them without Defendants having to move to compel. Thus, Defendants were prejudiced, at the very least, by having to bring the motion at all.

Plaintiffs' attempts to argue that it would be unjust to impose sanctions also fail. Per the Court's prior order, the monetary sanctions being contemplated here are limited to costs associated with Defendants' reply briefing on the previous motion to compel. Dkt. No. 8. This limitation ensures the sanction would be no more severe than necessary to redress the injury Rule 37(a)(5)(A) is intended to remedy. According to this limitation, Defendants are requesting a total of $522.50. The Court finds this to be a reasonable amount for preparing the reply brief on the motion to compel.

Additionally, in replying to Plaintiffs' argument regarding prejudice, Defendants note several examples of topics specific to the inappropriately withheld text messages that they were unable to pursue when deposing the Plaintiffs, or prior to the close of discovery. Dkt. No. 60

at 4–7. Plaintiffs' argument that Defendants were able to generally ask about related issues during the depositions (*see* Dkt. No. 57 at 2–7) does not cure Defendants' inability to confront Plaintiffs about the specific communications. Also, Defendants' failure to seek to reopen discovery to supplement the depositions is excusable, since Defendants were unable to confirm the relevance or potential value of the text messages until they were fully produced *in response to the Court's order compelling their complete production*. The Court acknowledges that its invitation for Defendants to renew their motion for sanctions was limited to Defendants' prior request for monetary sanctions under Rule 37(a)(5)(A), but the Court did not intend to cut off any additional avenues for relief Defendants' might have wished to seek once they were able to review the fully produced text messages. The Court is cognizant of the approaching trial date, but to correct any potential confusion regarding the Court's prior order and in the interest of ensuring the case resolves on the merits, the Court will also allow Defendants an opportunity to seek additional discovery related to the delayed productions, if they so wish.

  Accordingly, The Court GRANTS Defendants' renewed motion for sanctions and orders Plaintiffs to pay Defendants $522.50. The Court further ORDERS that within **three (3) days** of the date of this order, Defendants shall file a notice of intent indicating that they either (1) do not intend to seek any further sanctions related to the delayed productions, or (2) do want to reopen discovery for the limited purpose of supplementing depositions related to the delayed productions, and/or (3) want to file supplemental briefing on their motion for summary judgment or response to Plaintiffs' motion for partial summary judgment. If Defendants intend to seek these additional sanctions, they SHALL meet and confer with Plaintiffs and include a proposed revised case schedule with the notice. If the Parties cannot agree on a revised schedule, Defendants shall include each Party's proposed schedule. The Court will renote the dispositive

ORDER GRANTING DISCOVERY SANCTIONS - 4

1 motions as necessary and continue the trial date to allow time for the additional discovery and/or

2 dispositive motion briefing.

3      Dated this 31 day of July 2023.

Tana Lin
United States District Judge