UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LATIKA TANEJA et al.,<br><br>　　　　　Plaintiffs,<br>　　v.<br><br>ALINNE CINTRA FREITAS et al.,<br><br>　　　　　Defendants. | CASE NO. 2:22-cv-00702-TL<br><br>ORDER ON THE PARTIES' MOTIONS *IN LIMINE* |

This matter is before the Court on the Plaintiffs' Motions *in Limine* (Dkt. No. 68) and Defendants' Motions *in Limine* (Dkt. No. 70). Having reviewed the Parties' motions, their respective responses (Dkt. Nos. 75, 77), and the relevant record, the Court now rules on the motions.

## I. BACKGROUND

This case arises from a failed transaction involving the sale of Defendants' home and residential daycare business to Plaintiffs. The Court assumes familiarity with the facts of the case.

## II. LEGAL STANDARD

"A motion in limine is a procedural mechanism to limit in advance [of trial] testimony or evidence in a particular area." *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009); *see also* Fed. R. Evid. 401, 403. While the Federal Rules of Evidence do not explicitly permit motions *in limine*, they are a part of a "district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). A motion *in limine* should not be used to resolve factual disputes, weigh evidence, or as a substitute for a motion for summary judgment. *See, e.g.*, *Coppi v. City of Dana Point*, No. C11-1813, 2014 WL 12589639, at *3 (C.D. Cal. Feb. 24, 2014).

In the case of a bench trial, however, this threshold ruling is "generally superfluous." *Heller*, 551 F.3d at 1112 (but such rulings may still be appropriate for "logistical and other reasons"); *see also Coppi*, 2014 WL 12589639, at *3 ("[T]he first purpose of a motion in limine, protecting the jury, is inapplicable in the context of a bench trial."). A court may therefore decide to defer its ruling on a motion *in limine* until trial, especially if the context of other evidence at trial might prove to be helpful in the evaluation of admissibility. *See, e.g.*, *Wright v. Watkins & Shepard Trucking, Inc.*, No. C11-1575, 2016 WL 10749220, at *3 (D. Nev. Jan. 19, 2016) ("The more prudent course in a bench trial . . . is to resolve evidentiary doubts in favor of admissibility."); *see also Parker v. BNSF Ry. Co.*, No. C14-176, 2021 WL 4819910, at *2 (W.D. Wash. Oct. 15, 2021) (deferring rulings on some of the motions *in limine* until the bench trial).

Finally, a court's ruling on a pre-trial motion *in limine* is preliminary and can be revisited at trial based on the facts and evidence as they are actually presented. *See, e.g., Luce*, 469 U.S. at 41 ("Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling.").

Subject to these principles, the Court issues these rulings for the guidance of the parties.

## III. DISCUSSION

**A.    Plaintiffs' Motions *in Limine***

    **1.    Motion *in Limine* 1: Exclusion of Exhibits or Witnesses Not Identified in Plaintiffs' Proposed Pretrial Order**

Plaintiffs withdrew this motion. Dkt. No. 87. Therefore, the Court need not address this motion.

    **2.    Motion *in Limine* 2: Exclusion of Evidence Relating to Defendants' Unclean Hands Defense**

Plaintiffs request the Court preclude Defendants from offering any evidence relating to their unclean hands defense. Dkt. No. 68 at 4. Plaintiffs argue that any purported injury would have been to an outside party (here, Key Bank), and no one was harmed as the loan did not close so Key Bank suffered no loss. *Id.* at 6. Defendants argue that it is possible that Key Bank complained after its deposition. Dkt. No. 77 at 9.

The Court denied Defendants' motion for summary judgment on their unclean hands affirmative defense holding that: (1) the doctrine generally does not apply when the purported wrongdoing is perpetrated on an outside party who does not complain; and (2) the activity complained of by Defendants would have greatly benefitted them and did not produce any injuries to them. Dkt. No. 86 at 22. Defendants' speculation that Key Bank may have taken action after its deposition completely ignores the requirement that for the doctrine of unclean hands to apply the action must also have produced some injury. *J.L. Cooper & Co. v. Anchor Sec. Co.*, 113 P.2d 845, 857 (Wash. 1941). As such, the Court GRANTS Plaintiffs' motion.

B.  **Defendants' Motions** *in Limine*

   1.  **Motion** *in Limine* **1: Exclusion of Evidence of Spoliation**

Defendants request the exclusion of evidence of spoliation as untimely and irrelevant. Dkt. No. 70 at 4. The Court previously addressed Defendants' untimeliness argument in its Order on Motion for Summary Judgment (Dkt. No. 86 at 9–10) and will not repeat itself here.

Defendants also assert that offering testimony and argument on this issue is highly prejudicial. Dkt. No. 70 at 4. The issue may be relevant to the fraudulent inducement and negligent misrepresentation claims. Further, because this is a bench trial, Defendants' concerns regarding potential prejudice are minimized. Therefore, the Court DENIES Defendants' motion.

   2.  **Motion** *in Limine* **2: Exclusion of Defendants' Tax and Financial Records**

Defendants argue that the probative value of their tax returns is minimal so that "[t]he distracting and confusing effect that tax returns would have greatly outweigh the probative value of these records." *Id.* at 5. First, the records could be probative with regard to damages, should Plaintiffs prevail on liability. Second, as previously stated, this will be a bench trial so the danger of distraction or confusion is minimized. Therefore, the Court DENIES Defendants' motion.

   3.  **Motion** *in Limine* **3: Exclusion of Arguments as to Related Damages**

Defendants assert that arguments regarding emotional distress caused by the lawsuit should be excluded. *Id.* Plaintiffs do not object to this motion as they are not seeking "litigation-related damages" other than their attorney's fees and costs, should they succeed. Dkt. No. 75 at 7. Therefore, the Court GRANTS Defendants' motion.

   4.  **Motion** *in Limine* **4: Exclusion of Golden Rule/Reptile Arguments**

Defendants request exclusion of improper "Golden Rule" arguments that ask the trier of fact to place themselves in the shoes of a party. Dkt. No. 70 at 5. This is a bench trial to a judge

who is well aware that the case must be decided on the evidence. The Court DENIES Defendants' motion.

**5.      Motion *in Limine* 5: Exclusion of Arguments Regarding Litigation Expenses**

The Parties agree that they will not present arguments regarding litigation expenses other than as they relate to attorney fees and costs. Dkt. No. 70 at 7; Dkt. No. 75 at 8. As such, the Court GRANTS Defendants' motion.

**6.      Motion *in Limine* 6: Exclusion of Arguments Regarding Other Lawsuits or Verdicts**

Defendants request the exclusion of evidence or arguments of other lawsuits against either party, whether the lawsuits were similar or not, unless introduced for impeachment. Dkt. No. 70 at 7. Plaintiffs are unaware of any other lawsuits or verdicts. Defendants' motion raises questions for both the Plaintiffs (Dkt. No. 75 at 9) and the Court. But based on the information available at this time, the Court GRANTS Defendants' motion.

**7.      Motion *in Limine* 7: Requirement to Provide Notice of Witnesses**

Defendants request the Parties provide notice of the next day's witnesses by 7:00 pm on the preceding court day. Dkt. No. 70 at 7. Plaintiff does not object to this request. Dkt. No. 75. Therefore, the Court GRANTS Defendants' motion.

### IV.    CONCLUSION

For the foregoing reasons, the Parties' motions *in limine* are GRANTED IN PART and DENIED IN PART as set forth in this Order.

Dated this 6th day of October 2023.

Tana Lin
United States District Judge

ORDER ON THE PARTIES' MOTIONS IN LIMINE - 5