UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LATIKA TANEJA et al.,<br><br>                    Plaintiffs,<br>    v.<br><br>ALINNE CINTRA FREITAS et al.,<br><br>                    Defendants. | CASE NO. 2:22-cv-00702-TL<br><br>ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION |

This is a case to recover damages stemming from a contractual dispute. This matter is before the Court on Plaintiffs' Motion for Reconsideration of Court's Order on Summary Judgment. Dkt. No. 91. Having considered the relevant record, the Court DENIES the motion to reconsider.

I.   BACKGROUND

This case arises from a failed transaction involving the sale of Defendants' home and residential daycare business to Plaintiffs. The Court assumes familiarity with the facts of the case.

1     The Parties previously cross-moved for summary judgment on Defendants' liability for breach of contract and fraudulent inducement, while Defendants also sought summary judgment dismissal of Plaintiffs' negligent misrepresentation, conversion, and unjust enrichment claims, and dismissal of all of Plaintiffs' claims under the doctrine of unclean hands. Dkt. Nos. 26, 31. The Parties timely responded to each other's motions (Dkt. Nos. 36, 41) and filed replies (Dkt. Nos. 38, 46). The Court issued an order on the Parties' summary judgment motions, granting in part and denying in part Defendants' motion for summary judgment and denying Plaintiffs' motion for partial summary judgment. Dkt. No. 86. Per the Court's order, Plaintiffs' breach of contract and conversion claims were dismissed, but their remaining claims survived. Dkt. No. 86 at 7–22.

Plaintiffs now move for reconsideration of the Court's dismissal of their breach of contract and conversion claims. Dkt. No. 91. At the Court's request per LCR 7(h) (*see* Dkt. No. 92), Defendants filed a response in opposition to the motion for reconsideration (Dkt. No. 94).

## II.     LEGAL STANDARD

"Motions for reconsideration are disfavored." LCR 7(h)(1). Such motions must be denied absent a showing of "manifest error in the prior ruling or . . . new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." *Id.* Motions for reconsideration should be granted only in "highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (quoting *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999)). "A motion for reconsideration 'may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation.'" *Id.* (quoting *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000)). "Whether or not to grant reconsideration

is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakima Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

### III. DISCUSSION

As an initial matter, it is unclear from Plaintiffs' briefing on the motion if they are arguing that the Court committed manifest error or if previously unavailable evidence or authority warrants reconsideration. As noted accordingly throughout the Court's discussion below, Plaintiffs do not cite to any legal authority or factual evidence that was unavailable at the time the Parties briefed the summary judgment motions. To the extent Plaintiffs are attempting to relitigate issues decided on summary judgment by making arguments or citing to authority they failed to raise in their opposition to Defendants' motion for summary judgment, the Court could simply deny the motion to reconsider on that basis alone. *Marlyn Nutraceuticals*, 571 F.3d at 880. Instead, out of an abundance of caution and to clarify any potential misconceptions regarding the Court's prior order, the Court will assume Plaintiffs are raising only manifest error arguments.

Plaintiffs fail to establish that the Court committed any manifest errors. As the Court understands Plaintiffs' otherwise indistinct arguments, Plaintiffs primarily appear to assign error to the dismissal of the breach of contract and conversion claims because Defendants' alleged anticipatory repudiation prohibits the Court from deciding the issues on nonoccurrence of a condition precedent grounds. *See* Dkt. No. 91 at 2–3.

For the first time, Plaintiffs cite to a footnote from the legal authority the Court relied on in reaching its determination on the breach of contract issue,[1] for the proposition that "[f]ailure to

---

[1] The Court previously highlighted Plaintiffs' failure to provide any legal authority to substantiate a similar argument it raised in opposition to summary judgment on the condition precedent issue. *See* Dkt. No. 86 at 13. Plaintiffs do not even attempt to explain why they failed to reference this footnote in their opposition on this issue, despite Defendants having relied on this case in their affirmative briefing. *See* Dkt. No. 26 at 24; Dkt. No. 38 at 9.

satisfy a condition precedent does not excuse the promisor's performance if the failure was the result of misconduct or fault of the promisor." Dkt. No. 91 at 2 (quoting *Tacoma Northpark, LLC v. NW, LLC*, 96 P.3d 454, 459 n.4 (Wash. App. 2004)). Nothing in *Tacoma Northpark* provides context to assist the Court in the application of the exception stated in the footnote (*see* 96 P.3d at 459), nor do Plaintiffs provide any argument indicating a specific error on the Court's part arising from the stated exception. Thus, the Court is left to guess at the specific error in its ruling that Plaintiffs are alleging.

Plaintiffs' argument appears to be that (1) Defendants' own conduct caused the daycare license to be temporarily suspended; (2) Defendants' actions in response to the suspension allegedly prove, or at least raise a dispute of fact, regarding Plaintiffs' claim that Defendants anticipatorily breached the contract; and therefore, (3) the Court erred in concluding that the absence of DCYF approval of the license transfer prevents Plaintiffs from arguing breach of contract based on Defendants' alleged anticipatory repudiation at trial. Dkt. No. 91 at 2–3. Defendants note that Plaintiffs appear to conflate, without support, DCYF's temporary license suspension protocols with DCYF's license transfer protocols. Dkt. No. 94 at 3–4. The Court agrees. Plaintiffs' argument would only impact the Court's analysis in the way Plaintiffs suggest if DCYF's temporary license suspension actually resulted in the license transfer being denied. But as Plaintiffs correctly point out, "[t]here is no evidence in the record that DCYF **refused** to transfer the license." *Id.* at 2 (emphasis in original). The undisputed facts on summary judgment established that there was still time between the original license suspension and the closing date during which the suspension could have been lifted and transfer approval could have been secured. Dkt. No. 86 at 4, 12; *see also* Dkt. No. 26 at 11; Dkt. No. 33-5 at 81–82 (179:23–180:16); Dkt. No. 33-31. Thus, the Court's inquiry properly turned on whether Defendants acted in good faith to try to bring about the license transfer prior to the closing date despite the

temporary suspension. *See CHG Int'l, Inc. v. Robin Lee, Inc.*, 667 P.2d 1127, 1129–30 (Wash. App. 1983); *see also Tacoma Northpark, LLC*, 96 P.3d at 458–59 (citing *CHG Int'l* in the relevant footnote, but ultimately deciding that the exception did not apply and instead applying the good faith standard). In that regard, the Court concluded that "Defendants were actively working toward DCYF approval up to—and even after—DCYF suspended the daycare license" based on the undisputed facts on summary judgment. Dkt. No. 86 at 13. Thus, the Court did not err in concluding that the nonoccurrence of the condition precedent—which was DCYF's *approval* of the license transfer—precluded liability as a matter of law in dismissing the breach of contract claim. *Id.*

Plaintiffs close their motion with an argument based on an out-of-context block quote in a case that tangentially discusses the disposition of earnest money after the failure of a condition precedent in a real estate transaction, citing *Langston v. Huffacker*, 678 P.2d 1265 (Wash. App. 1984), without explaining how the case relates to the legal standard the Court must apply to their motion for reconsideration.[2] *See* Dkt. No. 91 at 3. The Court must again assume that Plaintiffs are raising a manifest error argument in some way related to the newly identified authority.[3]

As best as the Court understands their argument, Plaintiffs appear to assign error to the Court's dismissal of their conversion claim, arguing without reference to any of the Court's specific decisions on summary judgment that "[e]ven if there was a failure of the condition

---

[2] *Langston* was decided in 1984, and Plaintiffs again fail to explain why this "legal authority [] could not have been brought to [the Court's] attention earlier with reasonable diligence." *See* LCR 7(h).

[3] Additionally, Defendants affirmatively moved for summary judgment on the conversion claim "for the same reasons they are not liable for breach of contract." Dkt. No. 26 at 30. Plaintiffs' opposition on the conversion claim was based solely on their argument that Defendants anticipatorily beached the contract, instead of raising these *Langston*-based arguments, even though Defendants affirmatively argued failure of condition precedent as alternative grounds for dismissing the breach of contract claim. Dkt. No. 36 at 24. The Court could deny reconsideration on this issue based on this failure alone. *Marlyn Nutraceuticals*, 571 F.3d at 880 ("A motion for reconsideration may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in the litigation." (internal quotation marks and citation omitted).

ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION - 5

precedent, that failure not only relieved Plaintiffs of the obligation to perform under the contract but also allowed them to recover their earnest money." *Id.* This argument would be relevant if, on the Parties' agreed-upon closing date, when they would have been obligated to perform under the contract *but for* the nonoccurrence of the condition precedent, the $100,000 at issue was still considered earnest money as described in the *Langston* case. Unfortunately for Plaintiffs, their right to "recover any amount theretofore paid" because of the nonoccurrence of the condition precedent pursuant to the "universal rule prevailing in this country" as described in *Langston*, 678 P.2d at 1270, would only apply so long as the contract terms regarding the "earnest money" at issue there were the same as they are here. But they are not. Here, the undisputed facts show that Plaintiffs' "earnest money" payment was converted to a "nonrefundable deposit" upon Plaintiffs' waiver of the financing contingency prior to the closing date, and even prior to the license suspension and Defendants' alleged repudiation. *See* Dkt. No. 27 ¶¶ 10–12, 16, 20, 23. Thus, *Langston* is inapplicable, as that case did not involve a contractually governed nonrefundable deposit. Here, the terms of the Parties' agreement govern the disposition of the nonrefundable deposit. *Id.* Plaintiffs therefore fail to establish any manifest error in the Court's conclusion that "[b]ecause Plaintiffs' breach of contract claim against Defendants fails . . . there is no evidence of wrongful retention *per the Parties' agreement*" warranting dismissal of the conversion claim. Dkt. No. 89 at 20 (emphasis added).

As a final matter, the Court will address Plaintiffs' misconception that it somehow "adopt[ed] a rule that would permit a party induce another party to enter into an agreement and then scuttle a condition precedent, thus retaining the other party's earnest money—in this case, $100,000. . . . creat[ing] an incentive for parties to undermine the satisfaction of conditions precedent and then profit from their conduct." Dkt. No. 91. The Court did no such thing. The Parties moved for summary judgment as to Defendants' liability on Plaintiffs' respective claims.

The Court applied the law as it stands to the specific facts of this case as presented by the Parties on summary judgment. The Court did not adopt or announce any new generally applicable rules of law. Further, nothing in the Court's decision limits Plaintiffs' ability to prove and recover damages for any of their remaining claims, including fraudulent inducement and unjust enrichment, either of which would presumably allow for recovery of the $100,000 should Plaintiffs meet their necessary burden at trial.

## IV.   CONCLUSION

Plaintiffs have failed to identify any errors, let alone any manifest errors, in the Court's rulings on summary judgment. Consequently, Plaintiffs' motion for reconsideration (Dkt. No. 91) is DENIED.

Dated this 6th day of October 2023.

Tana Lin
United States District Judge